IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-08-218-02

v.

**RAMON FERRER a/k/a Poncho** :

# MEMORANDUM

## I. Introduction

Before the court is a motion filed by Ramon Ferrer pursuant to Federal Rule of Civil Procedure 60(b) in which he seeks to reopen his motion filed pursuant to 28 U.S.C. § 2255 which was denied by memorandum and order dated November 8, 2012. For the reasons that follow, the motion will be denied.

## II. Background

On July 30, 2008, the grand jury returned a superseding indictment charging Ferrer and codefendants with criminal attempt and criminal conspiracy to distribute and possess with intent to distribute 500 grams and more of methamphetamine, among other charges. Ferrer pled not guilty and went to trial. On December 11, 2009, he was found guilty of criminal conspiracy and criminal attempt, as well as on other charges.

## III. Discussion

In Ferrer's initial § 2255 motion, he alleged that trial counsel was incompetent for not filing a motion to dismiss Count 1 of the superseding indictment as being duplicitous. Attorney Kyle Rude was appointed to represent Ferrer for

purposes of the hearing held on Ferrer's § 2255 motion. At the hearing, attorney Rude advised the court that the issue of the duplicitous Count 1 was not being pursued. In the instant motion, Ferrer claims that Rude was incompetent in dropping that issue without his permission. He argues that by dropping that issue, he was deprived of a merits ruling by this court and the potential of raising that issue before the Third Circuit Court of Appeals.[1]

This court denied Ferrer's § 2255 motion by memorandum and order dated November 8, 2012 (Doc. 371). Thereafter, on January 11, 2013, Ferrer filed a petition for a certificate of appealability before the Third Circuit Court of Appeals in which he raised the issue as to the alleged incompetency of his § 2255 counsel for dropping the duplicitous count claim. The request for a certificate of appealability was denied by the appellate court on June 14, 2013. Thus, the Third Circuit Court of Appeals had this issue before it when it considered and denied the request for a certificate of appealability. This issue has been decided against Ferrer.

In any event, the duplicity issue is without merit. In determining whether a count in an indictment is improperly duplicitous, the Third Circuit examines

> the concerns traditionally associated with charging in one count what could be several independent charges. These concerns include: (1) avoiding doubt that a general verdict may mask a finding of guilt as to one crime but not another; (2) avoiding risk that the jury was not unanimous as to any one of the crimes charged; (3) providing the defendant adequate notice; (4) supplying an adequate basis for sentencing; and (5) protecting against double jeopardy.

---

[1] Ferrer also claims that initially he did not understand what Rude was doing because of a language barrier. The record, however, reflects that Jason Brown, a Spanish interpreter, was present to interpret for Ferrer during that hearing. (*See* Doc. 369.)

*United States v. Moyer*, 674 F.3d 192, 205 (3d Cir. 2012) (citations and quotations omitted). The specific issue raised by Ferrer is that a general verdict may mask whether the jury convicted a defendant of one offense and not another or that a general verdict may risk that a jury's verdict as to each offense alleged was not unanimous. In the instant case, however, the verdict form directs the jury to return a separate verdict as to each defendant as to the separate charge of conspiracy and the separate charge of criminal attempt. The jury found Ferrer guilty of both charges. (*See* Doc.235 at p. 1, attached hereto as Exhibit A.) Thus, attorney Rude recognized that the jury verdict form alleviated any issue of duplicitousness. Counsel was not incompetent for dropping this issue.

## IV.     Conclusion

The motion for relief pursuant to Federal Rule of Civil Procedure 60(b) will be denied. An appropriate order will be issued.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: July 12, 2013.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : CASE NO. 1:CR-08-218-02

v. :

**RAMON FERRER a/k/a Poncho** :

# ORDER

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The motion for relief pursuant to Federal Rule of Civil Procedure 60(b) (Doc. 426) is **DENIED**.

2) The court declines to issue a certificate of appealability.

3) The Clerk of Court shall close the file.

                                                      s/Sylvia H. Rambo
                                                      SYLVIA H. RAMBO
                                                      United States District Judge

Dated: July 12, 2013.